**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SAMSUNG DISPLAY CO., LTD,<br>*Plaintiff*,<br><br>v.<br><br>ACACIA RESEARCH CORPORATION,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 14-CV-1353-JPO-SN<br><br>JURY TRIAL DEMANDED<br><br>**SAMSUNG'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND CONDITIONAL MOTION FOR LEAVE TO AMEND ITS COMPLAINT** |

REDACTED - PUBLIC VERSION

**TABLE OF CONTENTS**

**Page**


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

III. LEGAL STANDARD FOR A MOTION TO DISMISS ..... 3

IV. ARGUMENT ..... 3

A. Count I [REDACTED] Claim Is Plausible on its Face ..... 3

1. SDC Alleges a [REDACTED] ..... 4

2. SDC Adequately Alleges Damages ..... 5

B. Count II (Tortious Interference with Contractual Relations): Acacia's Arguments Take an Unduly Narrow View of This Claim ..... 5

C. Count III (Tortious Interference with Prospective Contractual Relations): SDC's Complaint Adequately Alleges Each Element of This Claim ..... 8

D. Count IV (Unfair Competition): Acacia Ignores New York's Expansive View of Unfair Competition, a "Broad and Flexible Doctrine" ..... 10

E. Count V (Abuse of Process): SDC Adequately Pled This Count ..... 11

F. Count VI (Prima Facie Tort): SDC Properly Pled This Claim in the Alternative ..... 12

V. CONCLUSION ..... 13

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allaire Corp. v. Okumus*,
433 F.3d 248 (2d Cir. 2006)....................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3

*Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*,
692 F.3d 42 (2d Cir. 2012)....................5

*Beck v. Gen. Tire & Rubber Co.*,
98 A.D.2d 756 (1983)....................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................3

*Carvel Corp. v. Noonan*,
350 F.3d 6 (2d Cir. 2003)....................8, 9

*Diorio v. Ossining Union Free Sch. Dist.*,
96 A.D.3d 710 (2012)....................12

*Fleming v. Hymes-Esposito*,
No. 12-cv-1154-JPO, 2013 WL 1285431 (S.D.N.Y. Mar. 29, 2013)....................3, 4

*Freedom Calls Found. v. Bukstel*,
No. 05-CV-5460, 2006 WL 845509 (E.D.N.Y. Mar. 3, 2006)....................9

*Golub v. Esquire Pub. Inc.*,
124 A.D.2d 528 (1986)....................12

*Indep. Asset Mgmt. LLC v. Zanger*,
538 F. Supp. 2d 704 (S.D.N.Y. 2008)....................5

*Kronos, Inc. v. AVX Corp.*,
81 N.Y.2d 90 (1993)....................6, 7

*Laser Diode Array, Inc. v. Paradigm Lasers, Inc.*,
964 F. Supp. 90 (W.D.N.Y. 1997)....................11

*Nat'l Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd.*,
922 F. Supp. 849 (S.D.N.Y. 1996)....................8

*NBT Bancorp Inc. v. Fleet/Norstar Fin. Grp., Inc.*,
87 N.Y.2d 614 (1996) ....................................................................................................6

*O'Bradovich v. Vill. of Tuckahoe*,
325 F. Supp. 2d 413 (S.D.N.Y. 2004)...........................................................................11

*Parkin v. Cornell Univ., Inc.*,
78 N.Y.2d 523 (1991) ..................................................................................................11

*Roy Exp. Co. Estab. of Vaduz, Liechtenstein v. Columbia Broad. Sys., Inc.*,
672 F.2d 1095 (2d Cir. 1982)........................................................................................10

**OTHER AUTHORITIES**

Rule 8, Fed. R. Civ. P. ......................................................................................................12

Rule 8(a), Fed. R. Civ. P. ...................................................................................................5, 8

Rule 12(b)(6), Fed. R. Civ. P. .............................................................................................1, 3

Prosser, Torts § 129 [4th ed]...................................................................................................6

Plaintiff Samsung Display Co., Ltd. ("SDC") hereby submits its opposition to Defendant Acacia Research Corporation's ("Acacia") motion to dismiss. Contrary to Acacia's arguments, each of SDC's causes of action states a claim upon which relief may be granted. Further, SDC conditionally cross-moves for leave to amend its Complaint in the event that the Court finds a defect with any of its causes of action.

**I. INTRODUCTION**



SDC recently filed this action against Acacia based on Acacia's [redacted] and related actionable conduct by Acacia. Contrary to Acacia's arguments, each of SDC's causes of action states a claim upon which relief may be granted. The main flaws of Acacia's arguments are apparent at the outset of its memorandum in support of its motion to dismiss where Acacia *admits* that [redacted] Acacia Mot. 1. This is exactly why SDC is asserting [redacted]. Contrary to Acacia's arguments, [redacted] related ongoing actionable conduct in interference with SDC's contractual relationships form the basis for SDC's claims, each of which pass muster under Rule 12(b)(6).

Therefore, Acacia's motion to dismiss should be denied in its entirety. In the event that the Court finds a defect in SDC's Complaint, SDC respectfully requests that the Court grant leave for SDC to amend its Complaint.

## II. FACTUAL BACKGROUND

Contrary to Acacia's assertions, SDC's Complaint contains a detailed recitation of facts underlying its six causes of action, [redacted] *See, e.g.*, Compl. ¶¶ 8-28 (entitled "Statement of Facts"). [redacted] *See id.*

[redacted]

- [redacted] Ex. A § 3.1[1]; *see also* Compl. ¶ 32.
- [redacted]

[1] Citations to "Ex. A" refer to the exhibit attached to the Declaration of E. Treska in Support of Acacia's Motion to Dismiss, [redacted]

[REDACTED] Ex. A § A2.5; *see also* Compl. ¶ 33.

- *See also* Ex. A §§ 1.5 [REDACTED] 2.1 [REDACTED]

Moreover, Acacia was put on notice of [REDACTED] SDC's customer relationships. Compl. ¶ 25. [REDACTED]

## III. LEGAL STANDARD FOR A MOTION TO DISMISS

"In order to survive a motion to dismiss pursuant to Federal Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Fleming v. Hymes-Esposito*, No. 12-cv-1154-JPO, 2013 WL 1285431, at *3 (S.D.N.Y. Mar. 29, 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The Court must accept as true all well-pleaded factual allegations in the complaint, and 'draw all inferences in the plaintiff's favor.'" *Id.* (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir. 2006) (alteration omitted)).

## IV. ARGUMENT

### A. Count I [REDACTED] Claim Is Plausible on its Face

In its Complaint, SDC alleges, *inter alia*, that [REDACTED]

[redacted] SDC has suffered monetary damage and damage to its goodwill and reputation. *See* Compl. ¶¶ 8-34; *see also* Ex. A §§ 3.1, A2.5. These allegations indeed meet the requirements of New York law:

[redacted]

[redacted] Acacia further contends that SDC's damages claim is too conclusory. *Id.* at 6-7. As explained below, Acacia's arguments lack merit.

1. SDC Alleges [redacted]

Importantly, Acacia's Motion to Dismiss acknowledges [redacted]

Acacia argues only that SDC's complaint does not sufficiently identify [redacted] Such specificity is not required at the pleading stage. SDC has stated factual allegations in support of breach that are plausible on their face. *See, e.g.*, Compl. ¶ 23 [redacted]



[redacted] *see also* Compl. ¶¶ 31-33. These allegations are sufficient to adequately plead a claim for relief. *See, e.g.*, [redacted] Moreover, Acacia is well aware of [redacted] *See* Compl. ¶ 20-21. [redacted]

2. SDC Adequately Alleges Damages

In the Complaint, SDC alleges that "SDC has suffered injury as a result of Acacia's [redacted] Compl. ¶ 34; *see also* Compl. ¶ 28. "This is a plausible allegation of damages, and for the purposes of a motion to dismiss no more specific allegations are required." *Indep. Asset Mgmt. LLC v. Zanger*, 538 F. Supp. 2d 704, 709 (S.D.N.Y. 2008).

**B. Count II (Tortious Interference with Contractual Relations): Acacia's Arguments Take an Unduly Narrow View of This Claim**

Acacia's arguments in support of dismissing SDC's tortious interference with contractual relations count depend on an unduly narrow reading of the scope of a tortious interference with contractual relations claim, and should therefore be rejected. "The tort of inducement of breach of contract, now more broadly known as interference with contractual relations, consists of four

elements: (1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff." *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993).

The New York Court of Appeals has instructed that

> "[t]ortious interference" . . . can take many forms (*see generally*, Prosser, Torts § 129 [4th ed]). Even the subset of that amorphous category presented by this appeal--alleged interference with a contract by a competitor--presents a wide range of possibilities. . . . [T]he degree of protection available to a plaintiff for a competitor's tortious interference with contract is defined by the nature of the plaintiff's enforceable legal rights. Thus, where there is an existing, enforceable contract and a defendant's deliberate interference results in a breach of that contract, a plaintiff may recover damages for tortious interference with contractual relations even if the defendant was engaged in lawful behavior.

*NBT Bancorp Inc. v. Fleet/Norstar Fin. Grp., Inc.*, 87 N.Y.2d 614, 621 (1996).

In pleading this claim, SDC alleges, *inter alia*, that (1) it has entered into contracts with third parties, [REDACTED] (2) Acacia had knowledge of those contracts; (3) Acacia rendered impossible performance of SDC's contracts [REDACTED] and (4) Acacia's interference resulted in harm to SDC. *See* Compl. ¶¶ 24, 25, 36-39.

*First*, despite SDC's clear allegations, Acacia argues that SDC "does not plead the existence of a valid contract between [SDC] and a third party." Acacia Mot. 8. To the contrary, SDC's Complaint alleges the existence of contracts with third parties. For example, in support

of this count, SDC alleges "Acacia rendered impossible performance of SDC's *existing contracts* with its customers." Compl. ¶ 38 (emphasis added).

*Second*, Acacia argues that SDC has not adequately pled Acacia's knowledge of those contracts. This is incorrect. SDC alleges Acacia's knowledge, Compl. ¶ 37, and also avers that Samsung [REDACTED] *Id.* ¶ 25.

*Third*, Acacia argues that a tortious interference with contract claim cannot be sustained under this fact pattern, i.e., where SDC's performance of existing contracts was rendered impossible based on Acacia's interference therewith. Acacia argues that SDC's claim could only be sustained if SDC properly alleged that its customers breached their respective contract(s) with SDC. *See* Acacia Mot. 9. Although New York law would permit the fact pattern pointed to by Acacia to sustain a claim for tortious interference with contract, it is not the only fact pattern that properly forms the basis for such a claim. The third element is properly pled where defendant's intentional inducement "render[s] performance impossible," including performance by SDC. *See Kronos*, 81 N.Y.2d at 94. A decision from this Court is instructive on this point:

> [A] plaintiff must at least allege that the defendant's interference made the contract impossible to perform, or that the defendant induced the third party to render performance impossible.
>
> The Complaint meets this requirement. Plaintiff alleges that Defendants' intentional conduct has "interfered with and caused the violation and derogation of contractual rights granted by plaintiff to its licensees and sponsors." Plaintiff has entered into contracts that make companies exclusive sponsors of the NFL and its Member Clubs for specific product categories. Plaintiff alleges that Defendants, by making unilateral arrangements with the direct competitors of these exclusive sponsors, have made it impossible for Plaintiff to honor its contractual obligations. Accordingly, Plaintiff's claim for tortious interference withstands Defendants' motion.

*Nat'l Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd.*, 922 F. Supp. 849, 856 (S.D.N.Y. 1996) (citations and emphasis omitted) (denying motion to dismiss tortious interference with contract claim).

*Fourth*, Acacia argues that Samsung's damages claim is "based on conclusory allegations." Acacia Mot. 10. However, Samsung's alleges that Acacia's conduct has "caused injury to SDC's relationship with these customers, including by causing irreparable harm to SDC's goodwill and reputation, which has harmed SDC's existing contractual relations." Compl. ¶ 39; *see also* Compl. ¶ 28. No more specificity is required at the pleading stage. *See* Fed. R. Civ. P. 8(a).

*Finally*, Acacia also argues that SDC accuses Acacia of [REDACTED]

Rather, as explained above, SDC alleges that Acacia's actions constitute tortious interference with SDC's contracts with its customers.

### C. Count III (Tortious Interference with Prospective Contractual Relations): SDC's Complaint Adequately Alleges Each Element of This Claim

In order to properly plead tortious interference with prospective contractual relations, SDC must allege: "(1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d Cir. 2003).

In meeting these requirements, SDC has alleged that (1) SDC has business relationships with customers, [REDACTED] (2) Acacia knew of SDC's relationships with these customers; (3) Acacia used

dishonest, unfair or improper means to interfere with these relationships; and (4) this interference caused injury to SDC, including by causing irreparable harm to SDC's goodwill and reputation, which has harmed SDC's prospective contractual relations with these and other customers. *See* Complaint ¶¶ 25, 41-45.

Acacia asserts, similar to its assertion in connection with Count II, above, that SDC fails to properly plead Acacia's knowledge of the business relationships. To the contrary, SDC alleges Acacia's knowledge, Complaint ¶ 42, and also avers that Samsung "provided written notice to Acacia of . . . its adverse effects on SDC's relationships with its customers." *Id.* ¶ 25.

Regarding the third prong, known as the "wrongful means" prong, which requires an allegation of malice *or* dishonest, unfair, or improper means, Acacia ignores the "or" in this requirement, attempting to hold SDC to too high a standard. The Second Circuit has recognized that "wrongful means" can be shown in many ways, [redacted] *See* Compl. ¶¶ 43, 44.

Finally, with respect to SDC's injury, SDC does allege that Acacia's conduct affected *specific* relationships. SDC identifies the names of third parties—[redacted]—specifically in the Complaint. *See* Compl. ¶ 41. SDC further alleges that its goodwill and reputation with those third parties has been irreparably harmed, harming SDC's prospective contractual relations with those and other customers. *See* Compl. ¶ 45. Nothing more is required at the pleading stage. *See, e.g., Freedom Calls Found. v. Bukstel*, No. 05-CV-5460, 2006 WL 845509, at *21 (E.D.N.Y. Mar. 3, 2006) ("Plaintiff has averred that it has had to engage in 'damage control' by explaining and/or

responding to comments made by Defendant, which is sufficient for pleading purposes." (citation omitted)).

**D. Count IV (Unfair Competition): Acacia Ignores New York's Expansive View of Unfair Competition, a "Broad and Flexible Doctrine"**

Acacia's arguments in relation to SDC's unfair competition count take an unduly restrictive view of the reach of unfair competition claims—a view that is unsupported by the case law. In doing so, Acacia argues that "[t]he unfair competition statutes and common law seek to prevent false and deceptive advertising and marketing of products, which is not what [SDC] alleges here." Acacia Mot. 14. Acacia ignores that

> New York courts have noted the "incalculable variety" of illegal practices falling within the unfair competition rubric, calling it a "broad and flexible doctrine" that depends "more upon the facts set forth than in most causes of action." It has been broadly described as encompassing "any form of commercial immorality," or simply as "endeavoring to reap where one has not sown"; it is taking "the skill, expenditures and labors of a competitor," and "misappropriating for the commercial advantage of one person a benefit or 'property' right belonging to another." The tort is adaptable and capacious.

*Roy Exp. Co. Estab. of Vaduz, Liechtenstein v. Columbia Broad. Sys., Inc.*, 672 F.2d 1095, 1105 (2d Cir. 1982) (citations and alterations omitted). Beyond that,



(denying motion to dismiss unfair competition claims under both Lanham Act and common law). That authority is on point here, where Acacia's affiliates are improperly SDC's reputation and relationships with its customers are being damaged by Acacia's improper and unfair competition

in the marketplace. Therefore, SDC's unfair competition claims should survive a motion to dismiss.

### E. Count V (Abuse of Process): SDC Adequately Pled This Count

"An abuse of process claim has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." *O'Bradovich v. Vill. of Tuckahoe*, 325 F. Supp. 2d 413, 434 (S.D.N.Y. 2004).

Acacia alleges Samsung's abuse of process claim fails to properly allege the first element, i.e., "regularly issued process, either civil or criminal," because "the institution of a civil action by summons and complaint, a process necessary to obtain jurisdiction and begin a lawsuit, is not a sufficient basis for meeting the first element." Acacia Mot. 19 (quoting *O'Bradovich*, 325 F. Supp. 2d at 434) (alteration omitted). The context of that quote was limited to a case in which plaintiff alleges only that the complaint was improper and was being used to extract a settlement or the like. That same case went on to clarify that there is another way to properly plead this element: "In other words, a malicious motive alone does not give rise to a cause of action for abuse of process under New York law; rather, plaintiff must allege [1] misuse of process after it was issued, or [2] that the defendant acted to deprive the plaintiff of property 'under color of process.'" *O'Bradovich*, 325 F. Supp. 2d at 434. It is the latter allegation that is proffered by Samsung, namely that Acacia is seeking to deprive Samsung of property not *via* the issued process, but rather *under color of the process* [redacted] [redacted], all of which is properly pled in the Complaint. Moreover, the New York Court of Appeals has addressed this issue and held that "nothing in this Court's holdings would seem to preclude an abuse of process claim based on the issuance of the process itself." *Parkin v. Cornell Univ., Inc.*, 78 N.Y.2d 523, 530 (1991).

Acacia further alleges that Samsung has failed to plead special damages, which a plaintiff "must allege and prove . . . in order to recover" for abuse of process. Acacia Mot. 20. Under New York law, "[s]pecial damages must be alleged with sufficient particularity to identify actual losses and be related causally to the alleged tortious act." *Beck v. Gen. Tire & Rubber Co.*, 98 A.D.2d 756, 758 (1983). This Samsung has done. *See* Compl. ¶ 59 (itemizing special damages caused by Defendant's tortious conduct); *cf. Diorio v. Ossining Union Free Sch. Dist.*, 96 A.D.3d 710, 712 (2012) (finding claim of lost wages, lost benefits, and medical expenses sufficient to meet special damages requirement).

**F. Count VI (Prima Facie Tort): SDC Properly Pled This Claim in the Alternative**

The essential elements of a claim for prima facie tort are "intentional infliction of harm, which results in special damages, without any excuse or justification, by an act or series of acts which would otherwise be lawful." *Golub v. Esquire Pub. Inc.*, 124 A.D.2d 528, 529 (1986).

For the same reasons identified above, *see* § IV.E, Samsung has adequately pled special damages.

With regard to the intent prong of this claim, Samsung's allegation that "Acacia maliciously intended to harm SDC" sufficiently alleges that Acacia was solely motivated by malice. Compl. ¶ 63. As for the "otherwise lawful" prong, this is a form of alternative pleading, which is allowed under Rule 8. Samsung believes Acacia has [redacted] and related unlawful acts. However, should that prove not to be the case, Acacia's "otherwise lawful" conduct would constitute a prime facie tort under New York law. *See Golub*, 124 A.D.2d at 529.

## V. CONCLUSION

Based on the foregoing, SDC respectfully requests that this Court deny Acacia's motion to dismiss the complaint in its entirety. Alternatively, if the Court identifies a deficiency in any of SDC's pleaded causes of action, SDC respectfully requests that the Court grant SDC leave to amend the complaint.

Dated: May 22, 2014

Respectfully submitted,

*/s/ Jennifer C. Tempesta*
Neil P. Sirota (NS3870)
neil.sirota@bakerbotts.com
Jennifer C. Tempesta (JT4841)
jennifer.tempesta@bakerbotts.com
Joshua Sibble (JS6157)
joshua.sibble@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, New York 10112-4498
Telephone: (212) 408-2500
Facsimile: (212) 408-2501

*Of counsel:*
Michael J. Barta
michael.barta@bakerbotts.com
Jeremy Levin
jeremy.levin@bakerbotts.com
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Ave., NW
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

*Attorneys for Plaintiff*
*Samsung Display Co., Ltd.*

## CERTIFICATE OF SERVICE

I certify that on May 22, 2014, the foregoing document, in redacted form:

**SAMSUNG'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND CONDITIONAL MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

was filed via CM/ECF and therefore served on all parties or their counsel of record through the CM/ECF system.

/s/ Jennifer C. Tempesta
Jennifer C. Tempesta