UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | : | |
|---|---|---|
| SAMSUNG DISPLAY CO., LTD., | : | 14 CV 1353 (JPO) (SN) |
| Plaintiff, | : | |
| v. | : | |
| ACACIA RESEARCH CORPORATION, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

# ACACIA RESEARCH CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS SAMSUNG DISPLAY CO., LTD.'S COMPLAINT PURSUANT TO FRCP 12(b)(6) (DKT. NO. 17) AND OPPOSITION TO CONDITIONAL MOTION FOR LEAVE TO AMEND ITS COMPLAINT (DKT. NO. 25)

(PUBLICALLY FILED REDACTED VERSION)

LITIOC/2096256v2/101022-0101

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...............................................................................................................1

II. ARGUMENT.....................................................................................................................2

    A. Even Accepting Plaintiff's New Purported Facts, The Complaint Fails To State A Claim For Breach Of Contract................................................................................2

    B. Plaintiff Fails to Plead Any Of The Elements Of A Claim For Tortious Interference With Contract. ................................3

    C. Plaintiff Also Fails To Properly Plead Its Claim Of Tortious Interference With Prospective Contract. ..................................5

    D. Plaintiff's Purported Facts Do Not Support A Claim Of Unfair Competition Under Any One Of Its Three Theories. ..................................................................6

    E. Plaintiff's Abuse of Process Claim Lacks The Essential Elements. ..................................................................8

    F. Plaintiff Fails To State A Claim Of Prima Facie Tort. ...............................9

    G. The Court Should Deny Plaintiff's Alternative Requested Relief. ..........................................................................10

III. CONCLUSION................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Baiul v. NBCUniversal Media, LLC*,
   Nos. 13 Civ. 2205 (KBF), 13 Civ. 2208 (KBF), 2014 U.S. Dist. LEXIS 57474
   (S.D.N.Y. Apr. 24, 2014) ........................................................................................................ 7, 10

*Bidonthecity.com LLC v. Halverston Holdings Ltd.*,
   No. 12 Civ. 9258 (ALC)(MHD), 2014 U.S. Dist. LEXIS 45891 (S.D.N.Y.
   Mar. 31, 2014) .............................................................................................................................. 4

*Bose v. Interclick, Inc.*,
   No. 10 Civ. 9183 (DAB), 2011 WL 4343517, 2011 U.S. Dist. LEXIS 93663
   (S.D.N.Y. Aug. 17, 2011) ............................................................................................................ 3

*Camp Summit of Summitville, Inc. v. Visinski*,
   No. 06-CV-4994 (CM) (GAY), 2007 WL 1152894, 2007 U.S. Dist. LEXIS
   28496 (S.D.N.Y. Apr. 13, 2007) .................................................................................................. 5

*Curiano v. Suozzi*,
   63 N.Y.2d 113 (1984) ................................................................................................................. 8

*digiGAN, Inc. v. iValidate, Inc.*,
   No. 02 Civ. 420 (RCC), 2004 U.S. Dist. LEXIS 1324 (S.D.N.Y. Feb. 3, 2004) ........................ 7

*Ferrara v. Leticia, Inc.*,
   No. 09-CV-3032 (RRM) (CLP), 2012 WL 4344164, 2012 U.S. Dist. LEXIS
   135684 (E.D.N.Y. Sept. 21, 2012) ............................................................................................ 10

*Fonar Corp. v. Magnetic Resonance Plus, Inc.*,
   957 F. Supp. 477 (S.D.N.Y. 1997) ( ........................................................................................... 4

*Freedom Calls Found. v. Bukstel*,
   No. 05 ........................................................................................................................................... 6

*Golub v. Esquire Publ'g Inc.*,
   124 A.D.2d 528 (N.Y. App. Div. 1986) ..................................................................................... 9

*In re Consol. Welfare Fund "ERISA" Litig.*,
   MDL No. 902, 92 Civ. 0424 (LJF), 1992 U.S. Dist. LEXIS 12608 (S.D.N.Y.
   Aug. 20, 1992) ........................................................................................................................... 10

*In Touch Concepts, Inc. v. Cellco P'ship*,
   949 F. Supp. 2d 447 (S.D.N.Y. 2013) ......................................................................................... 9

*Indep. Asset Mgmt. LLC v. Zanger*,
   538 F. Supp. 2d 704 (S.D.N.Y. 2008) ......................................................................................... 3

LITIOC/2096256v2/101022-0101

*Laser Diode Array, Inc. v. Paradigm Lasers, Inc.*,
   964 F. Supp. 90 (W.D.N.Y. 1997) ..................................................................................6, 8

*Licata & Co. Inc. v. Goldberg*,
   812 F. Supp. 403 (S.D.N.Y. 1993) ........................................................................................7

*Maalouf v. Salomon Smith Barney, Inc.*,
   No. 02 Civ. 4770 (SAS), 2004 WL 2008848, 2004 U.S. Dist. LEXIS 17873
   (S.D.N.Y. Sept. 7, 2004) .......................................................................................................6

*Magee v. The Paul Revere Life Ins. Co.*,
   954 F. Supp. 582 (E.D.N.Y. 1997) .......................................................................................9

*Mario Valente Collezioni, Ltd. v. AAK Ltd.*,
   280 F. Supp. 2d 244 (S.D.N.Y. 2003) ..................................................................................7

*Marzullo v. Beekman Campanile, Inc.*,
   No. 10 Civ. 0364 (PGG), 2011 WL 3251507, 2011 U.S. Dist. LEXIS 81526
   (S.D.N.Y. July 22, 2011) ......................................................................................................4

*N.F.L. Props., Inc. v. Dallas Cowboys Football Club, Ltd.*,
   922 F. Supp. 849 (S.D.N.Y. 1996) .......................................................................................4

*O'Bradovich v. Vill. Of Tuckahoe*,
   325 F. Supp. 2d 413 (S.D.N.Y. 2004) ..................................................................................8

*Parkin v. Cornell Univ., Inc.*,
   78 N.Y.2d 523 (1991) ...........................................................................................................8

*Poller v. BioScrip, Inc.*,
   No. 11 Civ. 1675 (JPO), 2013 WL 5354753, 2013 U.S. Dist. LEXIS 137875
   (S.D.N.Y. Sept. 25, 2013) .....................................................................................................5

*Porat v. Lincoln Towers Cmty. Assoc.*,
   464 F.3d 274 (2d Cir. 2006) ................................................................................................10

*Roy Exp. Co. Establishment of Vaduz, Liechtenstein v. Columbia Broad. Sys., Inc.*,
   672 F.2d 1095 (2d Cir. 1982) ...............................................................................................7

*Sang v. Hai*,
   951 F. Supp. 2d 504 (S.D.N.Y. 2013) ..................................................................................5

*Sobek v. Quattrochi*,
   No. 03 Civ. 10219 (RWS), 2004 WL 2809989, 2004 U.S. Dist. LEXIS 24584
   (S.D.N.Y. Dec. 8, 2004) .......................................................................................................2

LITIOC/2096256v2/101022-0101

*Twelve Inches Around Corp. v. Cisco Sys., Inc.*,
  No. 08 Civ. 6896 (WHP), 2009 WL 928077, 2009 U.S. Dist. LEXIS 34966
  (S.D.N.Y. Mar. 12, 2009) ...................................................................................................4

LITIOC/2096256v2/101022-0101

**I.  INTRODUCTION**

Plaintiff SDC's Opposition Brief fails to rebut the deficiencies identified by Acacia in its Opening Brief.  SDC does not even respond to many of Acacia's arguments.

With respect to its breach of contract claim, Plaintiff apparently recognizes that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Plaintiff therefore attempts to improperly allege additional supporting facts in its Opposition, which cannot be considered on this motion and would not demonstrate a breach in any event.

As for Plaintiff's tortious interference with contract and tortious interference with prospective contract claims, Plaintiff still has not identified a single specific contract or prospective contract.  Also, while Plaintiff cites one case for its theory ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, that decision has been repeatedly and expressly rejected by more recent decisions holding that a third party must breach a contract with the plaintiff.  Plaintiff also does not substantively respond to Acacia's argument that it cannot interfere with its own contract; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

As for Plaintiff's various unfair competition claims, these claims are limited to a competitor that markets its product by making misrepresentations about competing products.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Plaintiff again has not provided any substantive response.

As for Plaintiff's abuse of process claim, Plaintiff cites no case in opposition to the numerous cases holding that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Finally, Plaintiff's prima facie tort claim fails because Plaintiff makes no allegation, let alone a plausible allegation, that the only

-2-

reason for these suits was "disinterested malevolence" ███████████████

███████████████████████████

   For these reasons, as explained below and more completely in Acacia's Opening Brief, Acacia respectfully requests that the Court grant its Motion to Dismiss in full.

II.   ARGUMENT

   A.   Even Accepting Plaintiff's New Purported Facts, The Complaint Fails To State A Claim For Breach Of Contract.

Plaintiff's breach of contract claim should be dismissed because Plaintiff fails to allege any facts demonstrating that Acacia breached the Option Agreement at issue. As stated in Acacia's Opening Brief, Plaintiff may not plead a breach merely by alleging that

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████

Apparently recognizing this defect, Plaintiff's Opposition Brief asserts and relies upon additional purported facts not included in its Complaint. ███████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

However, it is well settled that the Court should not rely on these statements in ruling on Acacia's Motion to Dismiss. *See, e.g.*, *Sobek v. Quattrochi*, No. 03 Civ. 10219 (RWS), 2004 WL 2809989, 2004 U.S. Dist. LEXIS 24584, at *13 (S.D.N.Y. Dec. 8, 2004) ("Additional facts submitted in a plaintiff's opposition to a motion to dismiss cannot be

considered by the Court.").[1] Plaintiff simply does not allege any facts that, even accepted as true, demonstrate a breach of the contract.[2]

### B. Plaintiff Fails to Plead Any Of The Elements Of A Claim For Tortious Interference With Contract.

Plaintiff's Opposition Brief points to no allegations that support a claim for tortious interference with contractual relations. In fact, as Acacia states in its Opening Brief, Plaintiff fails to adequately plead even one of the elements of this cause of action.

As for the first and second elements, Plaintiff nowhere alleges the existence of a specific contract with a third party, or Acacia's knowledge thereof. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ However, both of these allegations fail to identify any specific contracts between Plaintiff and a third party. *See, e.g., Bose v. Interclick, Inc.*, No. 10 Civ. 9183 (DAB), 2011 WL 4343517, 2011 U.S. Dist. LEXIS 93663, at *29 (S.D.N.Y. Aug. 17, 2011) (dismissing claim where "Plaintiff does not specify any individual contract that was breached, but just claims generally that Plaintiff had contracts with various website operators which were all breached").

As for the third and fourth elements of the claim (intentional procurement of a third party's breach and actual breach by a third party), Plaintiff argues that New York

---

[1] Acacia provides Westlaw citations to unpublished cases where available. (*See* Def.'s Op. Br. at 4 n.1.) Acacia will also provide the Court with a compendium of previously uncited unpublished cases.

[2] Plaintiff also has failed to adequately plead damages. In the only case Plaintiff relies on, *Indep. Asset Mgmt. LLC v. Zanger*, 538 F. Supp. 2d 704, 709 (S.D.N.Y. 2008), the plaintiff alleged that a breach of contract lead to a hedge fund being shut down, which deprived the plaintiff from the ability to profit from its continued existence. *Id.* Here, Plaintiff pleads only that ████████████████████████████ This allegation falls far short of the pleading standard. (*See* Def.'s Op. Br. at 6-7.)

law provides for a tortious interference claim where the plaintiff itself and not a third party breached a contact.  (Pl.'s Opp'n Br. at 7.)  Notably, Plaintiff cites no case law in support of this contention, nor does Plaintiff address any of the several cases Acacia cites to the contrary. (*See* Def.'s Op. Br. at 9-10.)  Plaintiff also argues that an actual breach is not necessary if the defendant "render[s] performance impossible" by the plaintiff.  (Pl.'s Opp'n Br. at 7.)  However, the sole decision cited by Plaintiff, *N.F.L. Props., Inc. v. Dallas Cowboys Football Club, Ltd.*, 922 F. Supp. 849, 856 (S.D.N.Y. 1996), has been refuted repeatedly.  Courts repeatedly and unequivocally have rejected the premise that an allegation that performance was rendered impossible is not adequate to support this claim; an allegation of a third party's breach is required.  *See, e.g.*, *Fonar Corp. v. Magnetic Resonance Plus, Inc.*, 957 F. Supp. 477, 481 (S.D.N.Y. 1997) (finding that "this proposition runs contrary to the rulings of the New York Court of Appeals and the Second Circuit;" holding that "in order to establish a claim under the tort of interference with contractual relations, a third party must breach the contract after being induced to do so by the defendant"); *see, e.g., Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12 Civ. 9258 (ALC)(MHD), 2014 U.S. Dist. LEXIS 45891, at *42 (S.D.N.Y. Mar. 31, 2014) (citing and following *Fonar*); *Marzullo v. Beekman Campanile, Inc.*, No. 10 Civ. 0364 (PGG), 2011 WL 3251507, 2011 U.S. Dist. LEXIS 81526, at *10 (S.D.N.Y. July 22, 2011) ("It is clear, however, that a tortious interference with contract claim may not be premised on a theory that the defendant committed an act that rendered performance of a contract impossible."); *Twelve Inches Around Corp. v. Cisco Sys., Inc.*, No. 08 Civ. 6896 (WHP), 2009 WL 928077, 2009 U.S. Dist. LEXIS 34966, at *16 (S.D.N.Y. Mar. 12, 2009) ("Plaintiff's allegations that Defendants prevented customer access to the website, thereby making the terms of service impossible to perform, are insufficient to state a claim for tortious interference.").[3]

---

[3] Even if the *N.F.L. Properties* case was still good law, the actions rendering performance impossible must be directed to the third party, not the plaintiff.  *Fonar*, 957 F. Supp. at 481 ("to sustain a claim under the tort of interference with contractual relations, the plaintiff must, *inter alia*, show that the defendant

Finally, Plaintiff fails to address Acacia's argument and case law supporting that Plaintiff's tortious interference claim merely accuses Acacia of interfering with its own contact, the Option Agreement. ███████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████ (See Def.'s Op. Br. at 10-11.)[4]

C. **Plaintiff Also Fails To Properly Plead Its Claim Of Tortious Interference With Prospective Contract.**

As stated in Acacia's Opening Brief, Plaintiff's claim of tortious interference with prospective contractual relations fails for at least three reasons. First, as with its tortious interference with contract claim, ███████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████

Second, Plaintiff fails to plead that Acacia's conduct was (1) for the sole purpose of inflicting harm on Plaintiff or (2) the proximate cause of a rejection of proposed contractual relations between Plaintiff and a third party, both of which are necessary elements of this claim. *See, e.g., Sang v. Hai*, 951 F. Supp. 2d 504, 528 (S.D.N.Y. 2013); *Poller v. BioScrip, Inc.*, No. 11 Civ. 1675 (JPO), 2013 WL 5354753, 2013 U.S. Dist.

---

intentionally induced *the third party* to breach or render performance impossible.") (citing *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993)) (emphasis in original).

[4] ██████████████████████████████████
█████████████████ (Pl.'s Opp'n Br. at 8.) Acacia respectfully disagrees. *See, e.g., Camp Summit of Summitville, Inc. v. Visinski*, No. 06-CV-4994 (CM) (GAY), 2007 WL 1152894, 2007 U.S. Dist. LEXIS 28496, at *42 (S.D.N.Y. Apr. 13, 2007) ("Aside from her conclusory allegation that she 'has and will suffer immediate and irreparable harm and damage' due to Summit's actions . . . Visinski offers no underlying facts suggesting she has incurred damages as a result of the parents' alleged breach. Without damages, there also can be no tortious interference claim.").

-5-

LEXIS 137875, at *83 (S.D.N.Y. Sept. 25, 2013).



Third, Plaintiff points to no allegation that Acacia actually interfered with any specific prospective contract. *See, e.g.*, *Maalouf v. Salomon Smith Barney, Inc.*, No. 02 Civ. 4770 (SAS), 2004 WL 2008848, 2004 U.S. Dist. LEXIS 17873, at *32 (S.D.N.Y. Sept. 7, 2004) ("To recover, Maalouf must allege that he was 'actually and wrongfully prevented from entering into or continuing in a *specific* business relationship.'") (emphasis in original). The one case cited by Plaintiff, *Freedom Calls Found. v. Bukstel*, No. 05 CV 5460 (SJ) (VVP), 2006 WL 845509, 2006 U.S. Dist. LEXIS 19685, at *68 (E.D.N.Y. Mar. 3, 2006), required evidence of much more. *Id.* ("Plaintiff has not shown a loss of sales or business as a result of Defendant's actions.").

### D. Plaintiff's Purported Facts Do Not Support A Claim Of Unfair Competition Under Any One Of Its Three Theories.

Plaintiff's unfair competition cause of action under (1) section 43(a) of the Lanham Act, (2) section 349 of New York's General Business Law, and (3) New York common law, cannot survive Acacia's motion to dismiss. Plaintiff selectively responds to only a few of Acacia's arguments in opposition to the Motion to Dismiss.

In support of its Lanham Act theory, Plaintiff mainly cites *Laser Diode Array, Inc. v. Paradigm Lasers, Inc.*, 964 F. Supp. 90, 95 (W.D.N.Y. 1997) for the premise that a false representation to a business's customers that a business was infringing on a party's

patent rights supports an unfair competition claim.  Of course, the Southern District held otherwise in *digiGAN, Inc. v. iValidate, Inc.*, No. 02 Civ. 420 (RCC), 2004 U.S. Dist. LEXIS 1324, at *14 (S.D.N.Y. Feb. 3, 2004) (dismissing section 43(a) claim where "[t]he gravamen of Plaintiff's claim is that Defendants, in marketing their products, falsely stated that they owned the patent that Plaintiff received from iValidate under the security agreement.  Thus, the alleged misrepresentations concerned the patent, not any products or services.").  But even if the Court were to accept this view of the law, Plaintiff's claim still fails because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Plaintiff has failed to:  (1) explain how the statements are not protected by the litigation privilege;[5] (2) explain how the statements were made both "in commerce" and "in the context of commercial advertising;"[6] and (3) adequately plead its purported damages ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[7]

Acacia argued that Plaintiff's unfair competition claim also fails under section 349 of New York's General Business Law.  (Def.'s Op. Br. at 16-17.)  Plaintiff appears to concede; Plaintiff does not even mention section 349 anywhere in its Opposition Brief.

Finally, Plaintiff argues that New York common law of unfair competition is "broad and flexible."  (Pl.'s Opp'n Br. at 10.)  Plaintiff cites only one case – *Roy Exp. Co. Establishment of Vaduz, Liechtenstein v. Columbia Broad. Sys., Inc.*, 672 F.2d 1095, 1105 (2d Cir. 1982) – but that case does not support Plaintiff.  That opinion stands for exactly what Acacia stated in its Opening Brief, namely that the tort addresses "commercial immorality" and "taking 'the skill, expenditures, and labors of a competitor,'" which is not remotely what Plaintiff alleges in its Complaint.  Moreover,

---

[5] S*ee, e .g., Baiul v. NBCUniversal Media, LLC*, Nos. 13 Civ. 2205 (KBF), 13 Civ. 2208 (KBF), 2014 U.S. Dist. LEXIS 57474, at *53 (S.D.N.Y. Apr. 24, 2014).  S*ee also* Def.'s Op. Br. at 14 n.3.
[6] *See, e.g., Licata & Co. Inc. v. Goldberg*, 812 F. Supp. 403, 409 (S.D.N.Y. 1993); *Mario Valente Collezioni, Ltd. v. AAK Ltd.*, 280 F. Supp. 2d 244, 256 (S.D.N.Y. 2003).  *See also* Def.'s Op. Br. at 15.
[7] S*ee* Def.'s Op. Br. at 15.

-7-

Plaintiff fails to address the several pleading defects identified in Acacia's Opening Brief, including that the common law claim cannot survive because Plaintiff fails to state a claim under the Lanham Act,[8] fails to allege a bad faith misappropriation or a likelihood of confusion, and fails to adequately allege damages. (*See* Def.'s Op. Br. at 18-19.)

### E. Plaintiff's Abuse of Process Claim Lacks The Essential Elements.

Acacia presented two main reasons as to why the Court should dismiss Plaintiff's abuse of process claim. First, the only process that Plaintiff alleges are the civil complaints filed by Acacia's affiliate entities, which is insufficient to state a claim. Second, Plaintiff fails to plead special damages.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████ (Pl.'s Opp'n Br. at 11.) Plaintiff's main argument appears to be that Plaintiff properly alleges the third element of the claim, "the use of the process in a perverted manner to obtain a collateral objective." (*See id.*) However, Plaintiff fails to respond to Acacia's argument that the process at issue must be something more than the mere institution of a civil action by summons and complaint. (See Def.'s Op. Br. at 19-20.) Plaintiff attempts to distinguish one of the cases relied on by Acacia for this point, but as evidenced by the several cases cited in Acacia's Opening Brief (*see id.*) it is well settled that the commencement of a civil action by service of a summons and complaint does not satisfy the first essential element of this claim that there be "regularly issued process." *See, e.g.*, *O'Bradovich v. Vill. Of Tuckahoe*, 325 F. Supp. 2d 413, 434 (S.D.N.Y. 2004).[9]

---

[8] The one Lanham Act case that Plaintiff relies upon also acknowledges what Acacia argues in its Opening Brief (at 17-18), that "[c]ommon law unfair competition claims closely parallel Lanham Act unfair competition claims; to the extent they may be different, the state law claim may require and [*sic*] additional element of bad faith or intent." *Laser Diode*, 964 F. Supp. at 95.

[9] Plaintiff also cites to *Parkin v. Cornell Univ., Inc.*, 78 N.Y.2d 523, 530 (1991) for the premise that "nothing in [the Court of Appeals'] holdings would seem to preclude an abuse of process claim based on the issuance of the process itself." (Pl.'s Opp'n Br. at 11.) This still does not correct Plaintiff's pleading flaw in basing the cause of action on process that is not capable of being abused, *i.e.*, a summons and complaint. *See, e.g.*, *Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984).

Regarding special damages, ██████████████████████████████ ██████████████████████████████████████████████████ (Pl.'s Opp'n Br. at 12.)  But Plaintiff does nothing of the sort. ██████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████ This does not suffice.  For example, in *In Touch Concepts, Inc. v. Cellco P'ship*, 949 F. Supp. 2d 447, 484 n. 30 (S.D.N.Y. 2013), the court noted that "[i]n pleading special damages, actual losses must be identified and causally related to the alleged tortious act."  The court held that "[w]hile the Amended Complaint asserts that defendants' false statements injured [plaintiff's] credibility and reputation in the business community, it does not allege how this resulted in actual losses amounting to $150 million."  *Id.*  Here, ████████████████████████████████

### F.    Plaintiff Fails To State A Claim Of Prima Facie Tort.

Finally, Plaintiff's claim of prima facie tort should also be dismissed for the reasons stated in Acacia's Opening Brief.  First, Plaintiff again fails to plead special damages in support of this claim, for the same reasons stated above with respect to Plaintiff's abuse of process claim.

Second, "[w]here the plaintiff merely pleads intentional and malicious action, but not that the defendant's 'sole motivation' was 'disinterested malevolence,' the complaint will be dismissed."  *Magee v. The Paul Revere Life Ins. Co.*, 954 F. Supp. 582, 588 (E.D.N.Y. 1997).  The one case Plaintiff relies on, *Golub v. Esquire Publ'g Inc.*, 124 A.D.2d 528, 529 (N.Y. App. Div. 1986), actually supports Acacia's argument: "In order to properly plead a cause of action for prima facie tort, it is necessary to allege that the action complained of was solely motivated by malice or 'disinterested malevolence.'"

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

-9-
LITIOC/2096256v2/101022-0101

███████████████████████████████████████████

███████████████

Third, even if Plaintiff could properly plead in the alternative that Acacia's actions were "otherwise unlawful," Plaintiff has not set forth such an allegation anywhere in its Complaint.[10] Moreover, Plaintiff cannot plead this claim in the alternative. *Ferrara v. Leticia, Inc.*, No. 09-CV-3032 (RRM) (CLP), 2012 WL 4344164, 2012 U.S. Dist. LEXIS 135684, at *18 (E.D.N.Y. Sept. 21, 2012) ("Since defendant has alleged that the conduct is an unlawful breach of contract, it cannot also argue that it is 'otherwise lawful' conduct that can be the subject of a prima facie tort claim.").

### G. The Court Should Deny Plaintiff's Alternative Requested Relief.

Plaintiff moves in the alternative for leave to amend its Complaint, should the Court grant Acacia's Motion to Dismiss. Acacia respectfully submits that at least for Plaintiff's five tort causes of action, Plaintiff cannot adequately plead a proper cause of action based on the underlying facts at issue, and thus the Court should dismiss those claims with prejudice. Moreover, Plaintiff has not even met its burden of demonstrating what facts it could plead to correct the deficiency in its contract claim. *See, e.g., Porat v. Lincoln Towers Cmty. Assoc.*, 464 F.3d 274, 276 (2d Cir. 2006) (denying leave "given that plaintiff's counsel did not advise the district court how the complaint's defects would be cured."); *In re Consol. Welfare Fund "ERISA" Litig.*, MDL No. 902, 92 Civ. 0424 (LJF), 1992 U.S. Dist. LEXIS 12608, at *13-14 (S.D.N.Y. Aug. 20, 1992) (party seeking leave to amend must file proposed amended pleading).[11]

## III. CONCLUSION

For the foregoing reasons, Acacia respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

---

[10] Any such allegation is defeated by the litigation privilege. *Baiul*, 2014 U.S. Dist. LEXIS 57474, at *53.
████████████████████████████████████████████████████████████████

-10-

Dated:  June 2, 2014	STRADLING, YOCCA, CARLSON, & RAUTH, P.C.


By: *s/ Marc J. Schneider*
　　Marc J. Schneider
　　Justin Klaeb
　　STRADLING, YOCCA, CARLSON, & RAUTH, P.C.
　　660 Newport Center Drive, Suite 1600
　　Newport Beach, CA  92660
　　Telephone:  (949) 725-4000
　　Facsimile:  (949) 725-4100
　　mschneider@sycr.com
　　jklaeb@sycr.com

　　E. Scott Morvillo
　　MORVILLO LLP
　　One World Financial Center, 27th Floor
　　New York, New York 10281
　　(212) 796-6330 (Phone)
　　(212) 240-8267 (Fax)
　　smorvillo@morvillolaw.com

　　Attorneys for Defendant Acacia Research Corporation

-11-

## CERTIFICATE OF SERVICE

I certify that on June 2, 2014, the foregoing document:

**ACACIA RESEARCH CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS SAMSUNG DISPLAY CO., LTD.'S COMPLAINT PURSUANT TO FRCP 12(b)(6) (DKT. NO. 17) AND OPPOSITION TO CONDITIONAL MOTION FOR LEAVE TO AMEND ITS COMPLAINT (DKT. NO. 25)**

was served on all parties or their counsel of record through the CM/ECF system.

                                             *s/ Marc J. Schneider*
                                             Marc J. Schneider