**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SAMSUNG DISPLAY CO., LTD, | § § | |
| *Plaintiff*, | § § | Civil Action No. 14-CV-1353-JPO-SN |
| v. | § § | JURY TRIAL DEMANDED |
| ACACIA RESEARCH CORPORATION, | § § | |
| *Defendant*. | § § § § § | **SAMSUNG'S REPLY IN SUPPORT OF ITS CONDITIONAL MOTION FOR LEAVE TO AMEND ITS COMPLAINT** |

REDACTED - PUBLIC VERSION

Plaintiff Samsung Display Co., Ltd. ("SDC") hereby submits its Reply to Defendant Acacia Research Corporation's ("Acacia") Opposition to SDC's Conditional Motion for Leave to Amend its Complaint.  Contrary to Acacia's arguments, SDC's motion sufficiently sets forth the manner in which SDC would amend its complaint to cure any deficiencies, and leave to amend should therefore be granted in the event that the Court finds a defect in SDC's complaint.

Leave to amend a pleading should be granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), and "the Court has broad discretion in deciding whether or not to grant such a request," *In re SAIC Inc. Derivative Litig.*, 948 F. Supp. 2d 366, 391 (S.D.N.Y. 2013) (Oetken, J.) (quoting *St. Clair Shores Gen. Employees Ret. Sys. v. Eibeler*, 745 F. Supp. 2d 303, 316 (S.D.N.Y. 2010)). "Factors that are relevant to the exercise of the Court's discretion include: (1) the presence of bad faith, dilatory motives, or undue delay on the part of the movant; (2) the potential for prejudice to an opposing party; and (3) whether the sought-after amendment would be futile." *Id*.  All three of these factors favor granting leave in this case should the Court find a defect in SDC's complaint.

*First*, Acacia has provided no evidence of, or even alleged, any "bad faith, dilatory motives, or undue delay on the part of" SDC.  Indeed, SDC's primary position in opposition to Acacia's Motion to Dismiss is that all the claims in its complaint are sufficient—i.e., that SDC has provided timely and sufficient notice of its claims to Acacia—and SDC seeks conditional leave to amend only if the Court finds a defect in the complaint.

*Second*, there would be no prejudice to Acacia if SDC amended its complaint.  Even in the event that the Court finds a defect in the complaint, the facts and circumstances forming the basis of SDC's claims are well known to Acacia, as evidenced for example by Acacia's detailed discussion of ▮▮▮▮▮▮▮▮▮▮ in its motion papers.  *See, e.g.*, Acacia Mot. 1, 5-6.

Moreover, Acacia has not alleged that it would be prejudiced in any way if SDC's were granted leave to amend.

*Third*, the amendment would not be futile.  This is the only factor Acacia arguably addresses in its Opposition.  *See* Acacia Opp'n Br. 10 ("Plaintiff has not even met its burden of demonstrating what facts it could plead to correct the deficiency in its ███████.").  SDC acknowledges that, "a party seeking leave to amend must provide some indication of the substance of the contemplated amendment in order to allow the Court to apply the standards governing Rule 15(a)."  *In re SAIC*, 948 F. Supp. 2d at 391.  SDC's motion does this.

For example, if the Court finds that SDC's ███████████ is deficient because it "fails to allege ████████████████████████████████████████" Acacia Mot. 5, SDC's motion provides the Court with the "substance of the contemplated amendment" at least where it states that "Acacia is well aware of ████████████ ████████████████████████████████████████████████ ████████████████████████████████████ identified in the Complaint," SDC Br. 5.  On that basis, SDC provides the attached proposed amended complaint identifying particular accused products.  *See* Ex. A,[1] [Proposed] Am. Compl.  ¶¶ 20-22 and 34-35.

Similarly, if the Court finds that SDC's prima facie tort claim is deficient because it fails to allege that Acacia's "sole motivation" was "disinterested malevolence," Acacia Mot. 21,

---

[1] Citations to "Ex. A" refer to the exhibit attached to the Declaration of J. Tempesta in Support of SDC's Reply in Support of its Conditional Motion for Leave to Amend its Complaint, which is a [Proposed] Amended Complaint.  Although SDC does not believe a proposed amended complaint is necessary to support its request for leave to amend, SDC provides a redline proposed amended complaint herewith in order to provide context for the substance of its contemplated amendments should the Court find its original complaint to be deficient.

SDC's motion enables the Court to determine whether the amendment would be futile at least where it states that the "allegation that 'Acacia maliciously intended to harm SDC' sufficiently alleges that Acacia was solely motivated by malice," SDC Br. 12 (quoting Compl. ¶ 63).  On that basis, the attached proposed amended complaint specifically alleges that "Acacia's sole motivation behind this otherwise unlawful conduct was disinterested malevolence."  Ex. A, [Proposed] Am. Compl. ¶ 67.  Notably, "'a claim for *prima facie* tort may be pled alternatively with other claims' and . . . 'there may be instances where the traditional tort cause of action will fail and plaintiff should be permitted to assert this alternative claim.'"  *Hayes v. Buffalo Mun. Hous. Auth.*, 12-CV-578S, 2013 WL 5347544, at *7 (W.D.N.Y. Sept. 23, 2013) (quoting *Bd. of Ed. v. Farmingdale Classroom Teachers*, 38 N.Y.2d 397, 406 (1975)); *see also Chime v. Sicuranza*, 221 A.D.2d 401, 402-03 (N.Y. App. Div. 1995) ("Although the complaint does allege that the defendant doctors were motivated, at least in part, by the business purpose of obtaining fees from the plaintiff's patients, thereby arguably vitiating the 'disinterested malevolence' requirement for prima facie tort, pleadings are expressly permitted to be in the alternative." (citations omitted)).

Based on the foregoing, if the Court identifies a deficiency in any of SDC's pleaded causes of action, SDC respectfully requests that the Court grant SDC leave to amend the complaint.

Dated: June 12, 2014                                  Respectfully submitted,

                                                               */s/ Jennifer C. Tempesta*
                                                               Neil P. Sirota (NS3870)
                                                               neil.sirota@bakerbotts.com
                                                               Jennifer C. Tempesta (JT4841)
                                                               jennifer.tempesta@bakerbotts.com
                                                               Joshua Sibble (JS6157)
                                                               joshua.sibble@bakerbotts.com
                                                               BAKER BOTTS L.L.P.
                                                               30 Rockefeller Plaza, 44th Floor
                                                               New York, New York 10112-4498
                                                               Telephone: (212) 408-2500
                                                               Facsimile: (212) 408-2501

                                                               *Of counsel:*
                                                               Michael J. Barta
                                                               michael.barta@bakerbotts.com
                                                               Jeremy Levin
                                                               jeremy.levin@bakerbotts.com
                                                               BAKER BOTTS L.L.P.
                                                               The Warner
                                                               1299 Pennsylvania Ave., NW
                                                               Washington, D.C. 20004-2400
                                                               Telephone: (202) 639-7700
                                                               Facsimile: (202) 639-7890

                                                               *Attorneys for Plaintiff*
                                                               *Samsung Display Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I certify that on June 12, 2014, the foregoing document:

**SAMSUNG'S REPLY IN SUPPORT OF ITS CONDITIONAL MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

was served on all parties or their counsel of record via email.

/s/  Jennifer C. Tempesta
Jennifer C. Tempesta
