UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------

SAMSUNG DISPLAY CO., LTD.,

              Plaintiff,

              v.

ACACIA RESEARCH CORPORATION,

              Defendant.

------------------------------

14 CV 1353 (JPO) (SN)

# DEFENDANT ACACIA RESEARCH CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Acacia Research Corporation ("Acacia" or "Defendant") hereby answers Plaintiff Samsung Display Co., Ltd.'s ("Samsung" or "Plaintiff") Complaint as follows:

## I.  NATURE OF THE ACTION

1. Defendant admits that Plaintiff filed an action for breach of contract and related torts seeking injunctive and monetary relief and specific performance, although the Court has now dismissed the related tort claims.[1]  Defendant denies the remainder of the allegations in Paragraph 1.

## II.  PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies each such allegation.

3. Defendant admits that it is a Delaware corporation headquartered and doing

---

[1] On December 3, 2015 the Court dismissed Counts II-VI of the Complaint (Dkt. No. 31).

business at 500 Newport Center Drive, Newport Beach, California 92660.  Defendant admits that Acacia Research Group, LLC ("ARG") is a wholly-owned subsidiary of Acacia, and that Innovative Display Technologies, LLC ("IDT") and Delaware Display Group, LLC ("DDG") are each a wholly-owned subsidiary of ARG.  Defendant denies the remainder of the allegations in Paragraph 3.

### III.   JURISDICTION AND VENUE

4. Defendant admits that there is complete diversity of citizenship.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies the remaining allegations.

5. Defendant admits that the Court has personal jurisdiction over it for purposes of this action.

6. Defendant admits that the Court has personal jurisdiction over it for purposes of this action.

7. Defendant admits that venue is proper for purposes of this action.

### IV.   STATEMENT OF FACTS

**A.   The Parties' Agreement**

8. Defendant admits that it and Samsung Electronics Co., Ltd ("SEC") entered into an Option Agreement ("agreement") effective March 2, 2011.  Defendant denies the remaining allegations in Paragraph 8.  The agreement speaks for itself.

9. Deny.  The agreement speaks for itself.

10. Deny.  The agreement speaks for itself.

11. Defendant admits that ARG is its wholly-owned subsidiary.  Defendant admits that IDT and DDG are each a wholly-owned subsidiary of ARG.  Defendant denies

the remaining allegations in Paragraph 11. The agreement speaks for itself.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies each such allegation.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies each such allegation.

14. Deny. The agreement speaks for itself.

**B.   Acacia's Later-Obtained Patents**

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Deny. The agreement speaks for itself.

**C.   The IDT and DDG Lawsuits**

20. Defendant admits that IDT filed the actions listed in Paragraph 20 on June 28, 2013 in the United States District Court for the Eastern District of Texas, alleging infringement of U.S. patent Nos. 6,755,547, 7,300,194, 7,384,177, 7,404,660, 7,434,974, 7,537,370 and 8,215,816. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies the remaining allegations.

21. Defendant admits that IDT filed the action listed in Paragraph 21 on October 1, 2013 in the United States District Court for the Eastern District of Texas, alleging infringement of U.S. patent Nos. 6,755,547, 7,300,194, 7,384,177, 7,404,660, 7,434,974, 7,537,370 and 8,215,816. Defendant lacks sufficient information to form a belief as to the

truth of the remaining allegations in Paragraph 21 and therefore denies the remaining allegations.

22.     Defendant admits that DDG and IDT filed the actions listed in Paragraph 22 on December 31, 2013 in the United States District Court for the District of Delaware, alleging infringement of U.S. patent Nos. Nos. 6,755,547, 7,300,194, 7,384,177, 7,404,660, 7,434,974, 7,537,370, 7,914,196, and 8,215,816, and with respect to the *Lenovo* action, alleging infringement of U.S. patent No. 7,434,973 as well.  Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies the remaining allegations.

23.     Deny.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies each such allegation.

25.     Deny.

26.     Deny.

27.     Deny.

28.     Deny.

## V.     CLAIMS AND CAUSES OF ACTION

### COUNT I

### Breach of Contract

29.     Deny.  The agreement speaks for itself.

30.     Deny.

31.     Deny.

32.     Deny.

33. Deny.

34. Deny.

35. Deny.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's prayer for relief.

## JURY DEMAND

Defendant demands that the matter be tried before a jury.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant, while reserving its right to assert all other applicable defenses as this action proceeds, hereby asserts, on information and belief, the following separate affirmative and other defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Defendant alleges that Plaintiff's Complaint fails to set forth a claim upon which relief may be granted.

## SEDCOND AFFIRMATIVE DEFENSE

(Waiver)

Defendant alleges that Plaintiff's claim is barred in whole or in part by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

Defendant alleges that Plaintiff's claim is barred in whole or in part by the doctrine of

estoppel.

## FOURTH AFFIRMATIVE DEFENSE

(No Damages)

Defendant alleges that Plaintiff's claim is barred because Plaintiff was not cognizably harmed by any act or omission of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

(Defendant's Performance)

Defendant alleges that Plaintiff's claim is barred by Defendant's performance of all material obligations required by the Contract.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Defendant alleges that Plaintiff's claim is barred in whole or in part by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

(No Causation)

Defendant alleges that Plaintiff's claim is barred in whole or in part because any harm suffered by Plaintiff was not caused by Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

(Justification/Privilege)

Defendant alleges that any act or omission claimed by Plaintiff was justified and/or privileged.

## NINTH AFFIRMATIVE DEFENSE

(Excuse)

Defendant alleges that it was excused expressly, impliedly, or by operation of law from performing the obligations upon which Plaintiff's claim is based.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Defendant alleges that Plaintiff's claim is barred in whole or in part by Plaintiff's failure to act reasonably and to mitigate its claimed damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendant alleges that Plaintiff's claim is barred in whole or in part because Defendant acted in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Defendant alleges that Plaintiff's claim is barred in whole or in part because Plaintiff lacks standing to assert it.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Release)

Defendant alleges that Plaintiff's claim is barred in whole or in part by the doctrine of release.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

Defendant alleges that Plaintiff's claim is barred in whole or in part by the doctrine of

accord and satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Intervening Cause)

Defendant alleges that Plaintiff's claim is barred in whole or in part because of an intervening cause of one or more third parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights to Assert Additional Defenses)

The allegations in the Complaint are uncertain and ambiguous.  Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings.  Defendant further reserves the right to amend this answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines through the course of subsequent discovery are not applicable.

//
//
//
//
//
//
//
//
//
//

**PRAYER**

WHEREFORE, Defendant Acacia prays as follows:

    A.    That the Court dismiss the Complaint in its entirety and enter judgment in its favor;

    B.    That Plaintiff take nothing on its Complaint;

    C.    For costs of responding to and defending against the allegations contained in the Complaint, including attorneys' fees, to the extent available; and

    D.    For such other relief as the Court deems just and proper.

Dated:  December 17, 2014    STRADLING, YOCCA, CARLSON, & RAUTH, P.C.

By: *s/ Marc J. Schneider*
    Marc J. Schneider
    Justin Klaeb
    STRADLING, YOCCA, CARLSON, & RAUTH, P.C.
    660 Newport Center Drive, Suite 1600
    Newport Beach, CA  92660
    Telephone:  (949) 725-4000
    Facsimile:  (949) 725-4100
    mschneider@sycr.com
    jklaeb@sycr.com

    E. Scott Morvillo
    MORVILLO LLP
    One World Financial Center, 27th Floor
    New York, New York 10281 (212) 796-6330 (Phone)
    (212) 240-8267 (Fax)
    smorvillo@morvillolaw.com

    Attorneys for Defendant Acacia Research Corporation

## CERTIFICATE OF SERVICE

I certify that on December 17, 2014, the foregoing document:

**DEFENDANT ACACIA RESEARCH CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

was served on all parties or their counsel of record through the CM/ECF system.

<em>s/ Chevalier Jones</em><br>Chevalier Jones